# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SYRUE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>P. THOMPSON,[1]<br><br>　　　　　Respondent. | Case No. 1:19-cv-01289-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

Petitioner Michael Syrue is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Petitioner challenges a prison disciplinary proceeding on due process grounds. For the reasons discussed herein, the undersigned recommends denial of the petition for writ of habeas corpus.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Herlong, California, serving a sixty-month imprisonment term for being a felon in possession of a firearm. The incident in question, however, occurred while Petitioner was housed at the Federal Correctional Institution in Terre Haute, Indiana.

---

[1] P. Thompson is the Warden at the Federal Correctional Institution in Herlong, California, where Petitioner is housed. (ECF No. 14 at 1 n.1). Accordingly, P. Thompson is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

At approximately 4:16 p.m. on July 15, 2018, Senior Officer Specialist Brandenburg ("SOS Brandenburg") escorted Petitioner to the lieutenant's office to be visually searched. Petitioner was ordered to stand and face the wall in the lieutenant's office prior to the search. SOS Brandenburg was standing in the doorway of the lieutenant's office and observed Petitioner bend over and reach into his sock and shoe and then step across the corridor and throw an unidentified object, wrapped in paper, toward an open window adjacent to the lieutenant's office. SOS Brandenburg retrieved the object, which appeared to be contraband, from the windowsill. The suspected contraband, which was wrapped in a two-inch by two-inch piece of white paper, contained one hundred pieces of cup-up card stock ("tabs"), measuring 1/8-inch by 1/8-inch each, that appeared to be saturated with an unknown substance. (ECF No. 1 at 10;[2] App. 19,[3] ECF No. 14-1).

The suspected contraband was delivered to Special Investigative Services ("SIS") staff for testing. (ECF No. 1 at 10; App. 19). SIS Technician Camden utilized the Narcotics Identification System Kit ("NIK") to test the tabs, which were found to be positive for narcotics (amphetamines). (ECF No. 1 at 10; App. 19, 22).

Petitioner was charged with possession of drugs (BOP Code violation 113) and attempted destruction of item during a search (BOP Code violation 115A). (ECF No. 1 at 10; App. 19). On July 30, 2018, Disciplinary Hearing Officer ("DHO") Bradley held a hearing. (App. 4, 42–45). According to the DHO Report, Petitioner denied the charges and stated, "I threw a piece of paper out of the window with information of who owed me stamps." (App. 42). Petitioner waived the right to a staff representative and waived the right to witnesses. The DHO found that the acts were committed as charged. (App. 42). For the Code 113 violation, Petitioner was assessed a sanction of 41 days of disallowed good conduct time, 180 days' loss of phone privilege, 180 days' loss of commissary, and $100 monetary fine. For the Code 115A violation, Petitioner was assessed a sanction of 41 days of disallowed good conduct time, 180 days' loss of phone privilege, 180 days' loss of commissary, and $100 monetary fine. (App. 44).

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.
[3] "App." refers to the Appendix filed by Respondent on January 2, 2020. (ECF No. 14-1). Appendix page numbers refer to the page numbers stamped at the bottom right corner.

After administratively appealing the decision, Petitioner filed the instant federal petition for writ of habeas corpus on September 16, 2019. (ECF No. 1). Respondent filed a response, and Petitioner filed a reply. (ECF Nos. 14, 17).

## II.

## DISCUSSION

### A. Due Process Requirements for Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Superintendent v. Hill, 472 U.S. 445, 454 (1984); Wolff, 418 U.S. at 563–67. Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. Wolff, 418 U.S. at 570–71.

In addition to various procedural requirements for disciplinary proceedings as set forth in Wolff, due process requires that there be "some evidence" to support the disciplinary decision to revoke good time credits. Hill, 472 U.S. at 454–55. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Id. at 455–56.

The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

**B. Review of Claims**

Petitioner contends that the DHO's finding that Petitioner possessed drugs should be overturned. (ECF No. 1 at 11). Petitioner asserts that his due process rights were violated because "the DHO did not view all or any of the evidence presented to determine a fair and impartial decision." (Id.).

1. Sufficiency of the Evidence

The Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." Hill, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Id. at 455–56.

In his memorandum, SIS Technician Camden wrote in pertinent part:

> One of the pieces of paper was tested utilizing the Narcotics Identification System kit (NIK). The correct NIK testing sequence and the proper amount of substance was tested. Beginning with test A, the results indicated an immediate orange color that turned to brown. This color found on the Polytesting Chart leads to test U. Upon placing the substance in Test U, breaking the ampules left to right and agitating each for thirty (30) seconds, the substance inside test kit U turned maroon in color. This color found on the Polytesting Chart indicates the substance is positive for Amphetamines.

(App. 22).

Petitioner asserts that the DHO did not properly review SIS Technician Camden's statements regarding the NIK procedure because proper review would show that Camden's statements are "contrary to the actual NIK testing procedures." (ECF No. 1 at 11). Petitioner argues that the NIK test photo shows that the test result was negative. Petitioner contends that Test U turns blue to show a positive, but in this case remained maroon. (ECF No. 1 at 12).

The Court is not tasked with weighing evidence in order to determine whether the requirements of due process are satisfied. "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion . . . ." Hill, 472 U.S. at 455–56.

Although Petitioner asserts that the SIS technician misinterpreted the color change of the NIK test, he does not submit any evidence in support of his contention that the SIS technician erred. Further, Petitioner acknowledges that the test indicated a color change and does not dispute or submit evidence that disputes a change in color reflects the presence of an illicit substance.

Here, the DHO relied on "the officer's written report; photographic evidence and video evidence reaffirming the officer's written statements; supporting memorandum, including statements from SIS Technician Camden; Petitioner's silence; and Petitioner's statements at the UDC and DHO hearings" in finding that Petitioner committed the acts as charged. (App. 4–5). Therefore, the Court finds that there is "some evidence" to support the decision to disallow good conduct time. Accordingly, Petitioner is not entitled to habeas relief on this ground.

2. <u>The DHO's Alleged Bias</u>

To the extent that Petitioner contends the DHO's review of SIS Officer Camden's statements regarding the NIK procedure demonstrated that the DHO was not fair and impartial, the undersigned finds that Petitioner is not entitled to habeas relief. Inmates are entitled to an impartial decisionmaker in a disciplinary proceeding. <u>Wolff</u>, 418 U.S. at 570–71. However, the record before this Court does not demonstrate that the DHO "present[ed] such a hazard of arbitrary decision making" <u>Wolff</u>, 418 U.S. at 571, or "dishonestly suppresse[d] evidence of innocence," <u>Edwards v. Balisok</u>, 520 U.S. 641, 647 (1997), by relying on SIS Technician Camden's NIK analysis in coming to his determination. Accordingly, habeas relief is not warranted on this ground.

3. <u>Opportunity to View Evidence</u>

In the traverse, Petitioner also argues that he was never shown a true color photo of the NIK test analysis until months after the DHO hearing. (ECF No. 17 at 4). However, <u>Wolff</u> and its progeny do not require that prisoners be afforded an advanced opportunity to view the evidence used against them. See <u>Hill</u>, 472 U.S. at 454–55. Accordingly, Petitioner is not entitled to habeas relief on this ground.

///

///

# III.

# RECOMMENDATION AND ORDER

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, the Clerk of Court is DIRECTED to SUBSTITUTE P. Thompson as Respondent in this matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 6, 2020**     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE